# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| TODD B. PASSMORE, ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | No. 3:16-cv-1746 |
| ) | Judge Crenshaw/Brown |
| MAPCO EXPRESS, INC. and ) | Jury Demand |
| DELIK US HOLDINGS, INC., ) | |
| ) | |
| **Defendants** ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

  **A.**  **Jurisdiction:** Jurisdiction in this case is based upon 28 U.S.C. §1331 and the Court has pendant jurisdiction over the state law claims. Jurisdiction is not disputed.

  **B.**  **Parties Theories of the Case.**

**1.**  **Plaintiffs' Theory of the Case.**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Tennessee Human Rights Act for retaliation, age discrimination, and hostile work environment and under the Tennessee Whistleblower Act, § 50-1-304 and the common law of the State of Tennessee for wrongful termination and retaliation.

Plaintiff is a 43 year old Caucasian male. On January 4, 2010, he was hired by Defendant as a District Manager for stores located in Davidson County, Tennessee. In 2013, Plaintiff opposed Defendant's illegal discriminatory actions against its employees based upon their national origin, race and religion. Defendant was targeting the Middle Eastern, Egyptian and

Coptic religion employees. Plaintiff refused to engage in illegal discriminatory actions against these workers when he refused to target them for termination or to engage in other discriminatory acts. Plaintiff told Defendant its acts were discriminatory and he would not engage in these discriminatory acts. Defendant told Plaintiff his stores were Al-Qaeda training grounds.

Defendant, using the AML (anti-money laundering) testing as an excuse, demanded Plaintiff fire his workers who could not speak English at an 8th grade level. This was directed towards the Egyptian and foreign employees who worked at Plaintiff's stores. On July 12, 2013, Defendant wrote Plaintiff up stating if he did not do so he would be fired. Plaintiff refused to fire these workers. Plaintiff's supervisor told Plaintiff he was going to "ride his district" and fire on the spot the employees who could not speak English. No employees were ever fired and Defendant filed forms stating its AML policy was in compliance with the law.

On October 1, 2013, Defendant promoted Garrett Wagner, a younger male, to be a district manager in training. In October 2013, a manager at one of the stores in Plaintiff's district quit. Plaintiff requested to promote a competent Egyptian employee as the new store manager. The supervisor refused stating, "No", "He", the Egyptian manager, was not going there. The supervisor told Plaintiff he was not going to have the Nolensville Road store run by a bunch of Egyptians. He also stated he thought Plaintiff would have learned from the last time, meaning Plaintiff's write-up. Plaintiff complained this was discriminatory to the supervisor and the supervisor's assistant, and then Plaintiff met with the Director of Operations and told him this was discriminatory.

On Friday November 8, 2013, four to five days after this meeting, Plaintiff was fired. The next day, Saturday, November 9, 2013, Wagner was promoted to District Manager of Plaintiff's

district, 1C. Defendant now claims it went through "realignment" but the only employee "realigned" out of a job was Plaintiff and Wagner was "realigned" into Plaintiff's position.

**2.    Defendant's Theory of the Case.**

Defendants assert that Plaintiff's claims raised under Title VII of the Civil Rights Act of 1964, the Age Discrimination Employment Act, the Tennessee Human Right Act for retaliation, age discrimination, a hostile work environment, and under the Tennessee Public Protection Act and the common law of the State of Tennessee for wrongful termination and retaliation are without merit and should be dismissed.

Plaintiff worked as a District Manager in the Nashville Division.  During Plaintiff's employment there were several performance related issues addressed with him regarding store issues in his district.  These included store parking lots being used as a wait station for cab drivers, store managers not following the business plan for store signage and promotions, failure to comply with the MY MAPCO initiative, store managers not in compliance with the anti-money laundering (AML) laws with employees in Plaintiff's district not being able to pass the AML test or comply with the Suggestive Sell program, and Plaintiff's improper use of gift cards for store managers.

In the fall of 2013, MAPCO, as it frequently does in its divisions, decided to realign the Nashville Division and reduce the number of districts from 11 to 10 resulting in elimination of one district manager. The Nashville Division Manager, Andrew Hecht, reviewed the performance of all Nashville District Managers and, in consultation with other management members, selected the Plaintiff for termination based on several factors, including, but not limited to, Plaintiff's Division as the lower performer since the previous realignment based on store performance evaluation criteria, Plaintiff's failure to follow programs according to policy,

the appearance of the stores in Plaintiffs district and Plaintiff's failure to actively participate in meetings and/or to comply with deadlines and loss prevention policies. For those reasons MAPCO Express, Inc. selected Plaintiff for termination effective November 8, 2013

    **C.**    **ISSUES RESOLVED:** Jurisdiction and Venue.

    **D.**    **ISSUES STILL IN DISPUTE:** Liability, defenses, and damages.

    **E.**    **INITIAL DISCLOSURES:** The parties shall make their Rule 26(a)(1) disclosures on or before **September 23, 2016**.

    **F.**    **CASE RESOLUTION PLAN AND JOINT ADR REPORTS:** The parties will make their first attempt to resolve the case by discussing settlement within **60 days** of the initial case management conference.

By no later than **November 18, 2016**, the parties will submit a joint report to advise the Court that the parties have made a good faith effort to resolve the case and also state whether the parties request referral of the case for ADR. An updated joint report following the parties' second attempt at resolution, including whether the parties request referral of the case for ADR, shall be filed no later than **60 days** in advance of the deadline for the filing of dispositive motions (which is no later than March 1, 2017).

    **G.**    **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **March 31, 2017**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with Magistrate Judge Brown. The party requesting the conference shall check with opposing party as to their availability before setting a time certain with the Court. The parties will submit a **<u>brief</u>** statement

of the issues to be discussed by **noon** of the day preceding the telephone conference. All discovery-related motions shall be filed by no later than **March 31, 2017**.

      **H.**     **MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than **January 26, 2017**.

      **I.**     **DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses and provide all information specified in Fed. R. Civ. P. 26(a)(2) on or before **December 30, 2016**. The Defendant shall identify and disclose all expert witnesses and provide all information specified in Fed. R. Civ. P. 26(a)(2) on or before **January 27, 2017**.

      **J.**     **DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **March 31, 2017**.

      **K.**     **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **April 30, 2017**. Responses to dispositive motions shall be filed within **28 days** after the filing of the dispositive motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed **25 pages**. Optional replies shall be filed within **14 days** after the filing of the response and shall not exceed **five pages**, absent leave of Court.

The parties shall develop a plan for the resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur within **90 days** of the initial case management conference, and the second attempt shall occur before the deadline for filing dispositive motions. The parties are encouraged to consider the ultimate dispute resolution option provided in Local Rule 16.02 through 16.07.

No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the

justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

**M. ELECTRONIC DISCOVERY:** Electronic discovery has already been conducted. To the extent further electronic discovery is needed, the parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174 therefore need not apply to this case.

**L. SUBSEQUENT CASE MANAGEMENT CONFERENCE**: A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **December 5, 2016, at 10:00 a.m. To participate in the conference call, parties will call 877-873-8017 and enter Code 1958322# at the scheduled time.** A **joint statement** of any unresolved issues and the possibility of ADR must be submitted to brownchambers@tnmd.uscourts.gov at least **one full business day** prior to the conference call.

**N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** This jury trial is estimated to take four days and is requested to begin on or after **October 31, 2017**. Judge Crenshaw will issue a separate order setting the date for trial and covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED**.

/s/ Joe B. Brown
Joe E. Brown
United States Magistrate Judge